89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aaron E. ISBY, Plaintiff-Appellant,
v.
Charles E. WRIGHT, et al., Defendants-Appellees.
 No. 94-2452.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 17, 1996.[1]
Decided June 19, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Aaron E. Isby, a state prisoner at the Metropolitan Correctional Center in Westville, Indiana, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging numerous violations of the eighth amendment. In this interlocutory appeal, we are concerned only with the denial of Isby's motion a preliminary injunction. The denial of a motion for a temporary restraining order is generally not appealable. Office of Personnel Management v. American Federation of Government Employees AFL-CIO, 473 U.S. 1301, 1303 (1985); 15A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3914.3 (1992). Isby points to nothing indicating this case falls into an exception to that rule.
 
 
 2
 Plaintiff's motion for a preliminary injunction asked the court to prohibit defendants from using four-way restraints; prohibit defendants from "dehumanizing plaintiff by forcing him to wear a hockey mask; command defendants Lawson and McDaniels to "stay away from plaintiff"; expunge "any future conduct reports that the defendants might use to punish the plaintiff"; and order defendants to "cease any and all future disciplinary sanctions they might use to punish plaintiff for this incident alleged." A magistrate judge recommended denial of the motions, and the district court adopted that recommendation.
 
 
 3
 Isby has offered only broad, vague statements referring to some unspecified harm that he might suffer when prison officials require him to be restrained or to wear a hockey mask. He has failed to show irreparable harm, see Storck USA v. Farley Candy Co., 14 F.3d 311, 313-14 (7th Cir.1994), since he has not shown that the restraints and hockey mask[2] have harmed him in any way, and has not shown that the remaining acts listed in the motion cause immediate harm. Any recompense due Isby can be satisfied at the conclusion of the civil rights case. We find no abuse of discretion, see Storck, 14 F.3d at 314, in the district court's denial of the motion for preliminary injunction or temporary restraining order.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 The appellees have not submitted a brief, and failed to respond to a Rule to Show Cause issued by this court; thus, we entered an order indicating that the appeal would be decided on the appellant's brief. After a thorough examination of the appellant's brief, the court has concluded that oral argument would not be helpful in this case. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Apparently the hockey mask is required to prevent Isby from spitting on the guards