**Timothy Donell LUMPKINS–EL, Plaintiff–Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, State Department of Corrections, KY, Defendant–Appellee.**

No. 00–6030.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before JONES and COLE, Circuit Judges; NUGENT, District Judge.*

*ORDER*

Timothy Donell Lumpkins–El, a Kentucky prisoner proceeding pro se, appeals a district court order denying his motion

---

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

for a temporary restraining order and a preliminary injunction in this civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2000, Lumpkins–El filed a "Motion for a Temporary Restraining Order and Injunction" to prevent the Department of Corrections ("Corrections") from cutting his hair. He alleged that cutting his hair would violate his First and Fourteenth Amendment rights to religious freedom as a follower of Islam and a descendant of Native Americans. Lumpkins–El was incarcerated at the Jefferson County Jail but feared his hair would be cut upon his transfer to a facility operated by the defendant. The district court denied Lumpkins–El's motion.

In his timely appeal, Lumpkins–El argues that: (1) the district court erred by disregarding his allegation that Corrections would cut his hair; and (2) he demonstrated a likelihood of success on the merits.

■ Initially, we note that the district court's order is appealable only to the extent that the court declined to grant a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). The denial of a motion for a temporary restraining order is not appealable. *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO,* 473 U.S. 1301, 1303–05, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985).

■ This court reviews a judgment granting or denying injunctive relief for an abuse of discretion. *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir.2000). When deciding whether to issue a preliminary injunction, a district court should consider the following four factors: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *McPherson v. Mich. High Sch. Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir. 1997) (en banc). A finding that there is no likelihood of success on the merits is usually fatal. *See Gonzales,* 225 F.3d at 625.

■ Upon review, we conclude that the district court did not abuse its discretion. Even assuming that Lumpkins–El's assertions were enough to show immediate and irreparable injury, he had no likelihood of success on the merits of his lawsuit. This court has held that a prison regulation limiting the length of an inmate's hair does not violate the inmate's First Amendment rights because the regulation is reasonably related to legitimate penological interests. *Pollock v. Marshall,* 845 F.2d 656, 658–59 (6th Cir.1988). Accordingly, the district court did not err by denying Lumpkins–El's motion for an injunction. *See Gonzales,* 225 F.3d at 625.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.