**Lawrence E. WILSON, Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, Director, et al., Defendants–Appellees.**

No. 01–3569.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2002.

Before KENNEDY and DAUGHTREY, Circuit Judges; BELL, District Judge.*

*ORDER*

Lawrence E. Wilson, an inmate in the Southeastern Correctional Institution ("SCI") proceeding pro se, moves for in forma pauperis status, on appeal from a district court order denying his motion for temporary injunctive relief filed pursuant to Fed.R.Civ.P. 65. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The factual background is adequately set forth in the district court's opinion and order and will not be repeated herein. Suffice it to say that Wilson sought a temporary restraining order ("TRO") that would require the defendants (Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Corrections ("ODRC"); Paul Gaston, Medical Services Dental Director of ODRC; Robert Hurt, Warden of SCI; and Dr. Jacinto Beard, a Contract Dentist for SCI) to arrange a dental examination and treatment plan by an oral surgeon independent of the ODRC. The district court denied Wilson's motion for injunctive relief after concluding that Wilson failed to show a strong or substantial likelihood of success on the merits of his claim. This appeal followed.

Upon review, we affirm the district court's order. A district court's denial of a temporary restraining order is generally not appealable. *See Office of Personnel*

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

*Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO,* 473 U.S. 1301, 1304–06, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985); *Bd. of Governors of Fed. Reserve Sys. v. DLG Fin. Corp.,* 29 F.3d 993, 1000 (5th Cir. 1994). However, a ruling denying a TRO is appealable if, as here, it is tantamount to a ruling on a preliminary injunction. *See Manbourne, Inc. v. Conrad,* 796 F.2d 884, 887 n. 3 (7th Cir.1986).

This court reviews an order denying a motion for a preliminary injunction under an abuse of discretion standard. *See Blue Cross & Blue Shield Mut. of Oh. v. Blue Cross and Blue Shield Ass'n,* 110 F.3d 318, 322 (6th Cir.1997). An abuse of discretion has been defined by this court as a definite and firm conviction that the trial court committed a clear error of judgment. *See Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998). The factors to be considered by the district court in ruling on a request for preliminary injunctive relief are: (1) whether the movant is likely to succeed on the merits; (2) whether the movant will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *See Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir.1994).

We conclude that the district court did not abuse its discretion in this case. Although the district court expressly discussed only the first and second factors listed above, it did not err in concluding that the first and second factors must be decided adversely to Wilson as he has failed to show a strong or substantial likelihood of success on the merits or that he will suffer irreparable injury. While the district court did not expressly discuss the remaining two factors in its opinion and order, those factors also weigh against granting relief.

Accordingly, the motion to proceed in forma pauperis on appeal is granted for the limited purpose of resolving this matter, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.