**William CRUMP, Plaintiff–Appellant,**

v.

**Bruce CURTIS, Warden, et al., Defendants–Appellees.**

No. 02–1360.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2002.

Before MARTIN, Chief Circuit Judge; NELSON, and GILMAN, Circuit Judges.

### ORDER

William Crump, a Michigan prisoner proceeding pro se, appeals a district court order denying his motion for a preliminary injunction in this civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Crump sued Ionia Maximum Correctional

Facility (IMAX) Warden Bruce Curtis, Sergeant McCoy, and Corrections Officer Ferguson. Crump alleged that the defendants violated the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as state law and prison policy when: (1) Curtis unilaterally established a policy of random strip searches; (2) Ferguson made derisive comments while subjecting Crump to a body cavity search; (3) Ferguson applied strip searches differently to Crump and other black inmates because of their race; and (4) McCoy supervised, observed, and approved of abusive behavior during strip searches and failed to prevent it. Crump moved for a temporary restraining order and a preliminary injunction. He asked the court to enjoin the defendants from conducting strip searches that were not based on a reasonable determination that a prisoner was carrying contraband. The court denied the motion, and Crump appealed.

In his timely appeal, Crump argues that: (1) the district court should have granted his motion for a preliminary injunction; and (2) he is entitled to the appointment of counsel on appeal and in the district court.

Initially, we note that the district court's order is appealable only to the extent that the district court declined to grant Crump a preliminary injunction. An order denying an injunction is appealable, but the denial of a motion for a temporary restraining order is not. *See* 28 U.S.C. § 1292(a)(1); *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO,* 473 U.S. 1301, 1303–05, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985).

This court reviews a judgment granting or denying a motion for a preliminary injunction for an abuse of discretion. *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n,* 110 F.3d 318, 322 (6th Cir.1997). The factors to be con-sidered by a district court in ruling on a request for a preliminary injunction are: (1) whether the movant is likely to succeed on the merits; (2) whether the movant will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir.1994).

■ Upon review, we conclude that the district court did not abuse its discretion when the court denied Crump's motion for an injunction. First, Crump is not likely to succeed on the merits. A convicted prisoner maintains some reasonable expectations of privacy while in prison, but those privacy rights are less than those enjoyed by non-prisoners. *Bell v. Wolfish,* 441 U.S. 520, 558, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Cornwell v. Dahlberg,* 963 F.2d 912, 916 (6th Cir.1992). Prison internal security is a legitimate penological interest, *see Pell v. Procunier,* 417 U.S. 817, 822–23, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); *Spies v. Voinovich,* 173 F.3d 398, 404 (6th Cir.1999), and IMAX houses prisoners classified to the highest security level in the MDOC system. Courts uphold routine visual body cavity and strip searches of maximum security prisoners because of the increased security risks posed by such prisoners. *See, e.g., Franklin v. Lockhart,* 883 F.2d 654, 655–56 (8th Cir.1989); *Michenfelder v. Sumner,* 860 F.2d 328, 332 (9th Cir.1988); *Hay v. Waldron,* 834 F.2d 481, 486 (5th Cir.1987). In light of this authority, the first factor to be considered upon a motion for a preliminary injunction weights against Crump. *See Washington,* 35 F.3d at 1099.

The remaining factors also weigh against the injunction. Crump's conclusory allegation that he would suffer irreparable injury in the absence of an injunction was insufficient. On the other hand, the suspension of random searches could have

exposed prisoners, corrections personnel, and the public to risk from the inherently dangerous inmates incarcerated at IMAX. Thus, the district court did not abuse its discretion when the court denied Crump's motion for a preliminary injunction. *See id.*

■ Crump's argument that he is entitled to the appointment of counsel is without merit. The appointment of counsel in a civil proceeding is not a constitutional right and is inappropriate if the plaintiff is unlikely to succeed. *Lavado v. Keohane,* 992 F.2d 601, 604–06 (6th Cir.1993). Accordingly, the district court did not abuse its discretion when the court denied Crump's motion to appoint counsel.

For the foregoing reasons, we deny Crump's motion for the appointment of counsel on appeal and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.