**Larry R. CRIM, Plaintiff–Appellant,**

**v.**

**Brook K. THOMPSON; Riley Darnell; Michael McDonald; Joan Nixon, Defendants–Appellees.**

No. 02–6100.

United States Court of Appeals, Sixth Circuit.

June 20, 2003.

Before KENNEDY and COLE, Circuit

Judges; and WILLIAMS, District Judge.*

### ORDER

Larry R. Crim, a Tennessee resident proceeding pro se, appeals the district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief and a temporary restraining order (TRO), Crim sued Brook K. Thompson, Coordinator of Elections for the State of Tennessee; Riley Darnell, Secretary of State for the State of Tennessee; Peggy Maxwell, Deputy Coordinator of Elections, State of Tennessee; Michael E. McDonald, Davidson County Election Commission Registrar; and Joan Nixon, Davidson County Election Commission Deputy Registrar. Crim alleged that the defendants violated his rights under the First and Fourteenth Amendments and the Voting Rights Act when they denied him access to the ballot as a candidate and interfered with write-in ballots in the 2002 Democratic primary election for the Fifth District Representative to the United States House of Representatives. The defendants filed a response to Crim's request for a TRO and moved to dismiss the case for failure to state a claim. *See* Fed. R.Civ.P. 12(b)(6). The district court held a hearing, denied Crim's request for a TRO, and dismissed the case. The court held that Crim had no claim under § 1983 because he did not show that the defendants acted intentionally, that the claims Crim had raised in an earlier state court action were barred by res judicata, and that the

court would abstain from deciding issues on appeal of the state court case. The court also denied Crim's motion to amend and modify its order.

On appeal, Crim argues that: (1) the Tennessee statute relied upon by the defendants to disqualify Crim's petition to be placed on the ballot is unconstitutional; (2) his petition contained enough qualified signatures to entitle him to have his name placed on the ballot; (3) Nixon intentionally discriminated against him by refusing to send write-in ballots to all of the early voting polls; (4) the write-in ballots that were cast were mishandled; and (5) many voters were unable to vote because they did not receive new voter registration cards in time for the election.

Initially, we note that the denial of a motion for a temporary restraining order is not appealable. *See* 28 U.S.C. § 1292(a)(1); *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL–CIO*, 473 U.S. 1301, 1303–05, 105 S.Ct. 3467, 87 L.Ed.2d 603 (1985). Accordingly, only the district court's decision to dismiss the complaint is subject to review by this court. We also note that Crim has abandoned any possible claim under the Voting Rights Act by failing to raise the issue in his brief on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998). The court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996).

Upon review, we conclude that the district court properly held that Crim's complaint failed to state a claim under § 1983. Crim attempted to be placed on the ballot for the August 1, 2002, Democratic primary election for the Fifth Congressional District of Tennessee. In his complaint, Crim alleged that an official at the Tennessee Election Coordinator's office delayed his efforts to obtain the form used for a nominating qualifying petition, that the Davidson County Election Commission incorrectly determined that his petition did not have enough qualified signatures, that the Coordinator failed to resolve the problem, and that the defendants thwarted his write-in campaign by failing to send write-in ballots to all early voting polls and by mishandling ballots that were cast.

■ Crim's complaint failed to state a claim because he could not show that the defendants intentionally or purposefully discriminated against him. *See Rogers v. Lodge*, 458 U.S. 613, 621, 102 S.Ct. 3272, 73 L.Ed.2d 1012 (1982); *Gold v. Feinberg*, 101 F.3d 796, 800–01 (2d Cir.1996); *Powell v. Power*, 436 F.2d 84, 88 (2d Cir.1970). The acts and omissions of which Crim complained amounted to, at most, negligence or incompetence, and are not enough to support a claim. *See Green Party of State of New York v. Weiner*, 216 F.Supp.2d 176, 187 (S.D.N.Y.2002). Although Crim inferred that the defendants acted intentionally, the allegations in his complaint do not support that inference. Neither the district court nor this court are required to accept Crim's summary allegations or unwarranted legal conclusions. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996).

■ The district court also properly abstained from deciding Crim's voter petition claim. Before the election, Crim filed a state court action against Thompson, Coordinator of Elections for the State of Tennessee, and McDonald, Registrar of the Davidson County Election Commission, to challenge the Commission's decision to reject his petition. The state court upheld the Commission's decision not to place Crim's name on the ballot. At the time the district court ruled, Crim's appeal was pending, the case implicated important state interests, and Crim had an adequate opportunity to raise constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Therefore, the district court properly abstained from ruling on the merits of the claims Crim had raised in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

We have considered Crim's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.