**F I L E D**
                                                            **United States Court of Appeals**
                                                                    **Tenth Circuit**

**UNITED STATES COURT OF APPEALS**                          **MAY 18 2004**

**FOR THE TENTH CIRCUIT**
                                                            **PATRICK FISHER**
                                                                    **Clerk**

WYANDOTTE NATION, a Federally
Recognized Indian Tribe,

      Plaintiff-Appellant,

v.

NATIONAL INDIAN GAMING
COMMISSION; ERIC F. MELGREN,
in his official capacity as United
States Attorney for Kansas; UNITED
STATES DEPARTMENT OF
JUSTICE; JOHN ASHCROFT, in his
official capacity as Attorney General,
Department of Justice; KATHLEEN
SEBELIUS, in her official capacity
as Governor of Kansas; WILLIAM R.
SECK, in his official capacity as the
Superintendent of the Kansas State
Highway Patrol; RONALD MILLER,
in his official capacity as Chief of
Police, City of Kansas City, Kansas;
LARRY WELCH, in his official
capacity as Director of the Kansas
Bureau of Investigation; CAROL
MARINOVICH, in her official
capacity as Mayor, City of Kansas
City, Kansas; PHILL KLINE, in his
official capacity as Attorney General
for the State of Kansas; PHILLIP L.
SIEVE, in his official capacity as
District Court Judge for the State of
Kansas, County of Wyandotte; NICK
A. TOMASIC, in his official capacity

No. 04-3135
(D.C. No. 04-CV-2140-JAR-DJW)
(D. Kan.)

as District Attorney, Wyandotte
County, Kansas,

Defendants-Appellees.

## ORDER AND JUDGMENT  *

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

The Wyandotte Nation appeals from the district court's denial of its motion for a temporary restraining order (TRO) and has requested an injunction pending appeal. Because we lack jurisdiction, we dismiss the appeal and deny the motion for injunction. [1]

"Ordinarily, denial of a temporary restraining order is not appealable." Populist Party v. Herschler , 746 F.2d 656, 661 n.2 (10th Cir. 1984). There are, however, two exceptions to this general jurisdictional prohibition: when the order

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

is appealable as a final order under 28 U.S.C. § 1291, and when the order has the practical effect of denying a preliminary injunction. Id. The first exception is not implicated in this case: the district court's denial of the TRO was not a final appealable order under § 1291. That leaves us to determine whether the order may be appealed because it was a *de facto* denial of a preliminary injunction. See Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, AFL-CIO, 473 U.S. 1301, 1305 (1985). To come within this exception, in addition to having the "practical effect" of denying an injunction, the consequences of the order must be irreparable and the only effective means of challenging the order must be by immediate appeal. United States v. Colorado, 937 F.2d 505, 507 (10th Cir. 1991).

In this case, appellant's rights will not be irretrievably lost absent immediate review, and immediate appeal is not the only effective means of challenging the order. In fact, the matter of appellant's rights is still squarely before the district court in the question of preliminary injunctive relief. And there is every indication that the district court "contemplate[s] a prompt hearing on a preliminary injunction." See Office of Pers. Mgmt., 473 U.S. at 1305. Further, we cannot say that "further interlocutory relief is unavailable" here, nor is it clear that the hearing held by the district court within two days of the case being transferred was a "full adversary hearing." See Populist Party, 746 F.2d at 661 n.2 (quotation omitted).

-3-

This court has no jurisdiction to review the denial of the TRO in this case; the order does not have the "practical effect" of the denial of a preliminary injunction, the consequences of the denial are not irreparable, and immediate review is not the only effective means of challenging the order. The appeal is DISMISSED. The motion for injunction pending appeal is DENIED as moot. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM