**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-7393

ANDRE LAMAR WOODY, on behalf of himself and all others
similarly situated,

Plaintiff - Appellant,

v.

STATE OF NORTH CAROLINA; MICHAEL F. EASLEY; LEXIS PUBLISHING;
NANCY S. NASH,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Elizabeth City. James C. Dever III,
District Judge. (2:07-cv-00032-D)

Submitted: March 20, 2008          Decided: April 17, 2008

Before GREGORY and SHEDD, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Andre Lamar Woody, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Woody, a North Carolina inmate, filed a 42 U.S.C. § 1983 (2000) complaint alleging the Appellees conspired to publish criminal procedure manuals containing incorrect elements of the state's habitual felon statute. The district court denied Woody's motion for a temporary restraining order; in the same order, the district court noted Woody failed to demonstrate a likelihood of irreparable harm or any of the other requirements necessary to obtain preliminary injunctive relief. Woody timely appealed.

To the extent Woody seeks to appeal the district court's denial of a temporary restraining order, that denial is not appealable. See Office of Pers. Mgmt. v. Am. Fed'n of Gov't Employees, 473 U.S. 1301, 1303-04 (1985); Drudge v. McKernon, 482 F.2d 1375, 1376 (4th Cir. 1973). To the extent the district court denied a preliminary injunction, which is an appealable order, we conclude that denial was not an abuse of discretion. See Cienna Corp. v. Jarrard, 203 F.3d 312, 322 (4th Cir. 2000).[*] We dispense with oral argument because the facts and legal contentions are

---

[*]We deny Woody's motion for a writ of mandamus as moot. In that motion, Woody requested this court to compel the district court to rule on his Fed. R. Civ. P. 59(e) motion to alter or amend the judgment dismissing Woody's underlying complaint. The district court subsequently denied Woody's Rule 59(e) motion.

2

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
