10-3115-cv
Canadian St. Regis Band of Mohawk Indians v. Town of Bombay, N.Y.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand twelve.

Present:
        BARRINGTON D. PARKER,
        PETER W. HALL,
        SUSAN L. CARNEY,
                *Circuit Judges.*

_____

Canadian St. Regis Band of Mohawk Indians, by Lawrence Francis, Chief, and Lloyd Benedict, Mike Mitchell, Bruce Roudpoint, Joe Jacobs, John Oakes, Angus Bonaparte, Jr., David Benedict,
                *Plaintiff-Counter Defendant-Appellee*,

St. Regis Mohawk Tribe, by the St. Regis Mohawk Tribal Council, People of the Longhouse at Akwesane, by the Mohawk Nation Council of Chiefs,
                *Plaintiffs-Consolidated Plaintiffs-Counter Defendants-Appellees*,

United States of America,
                *Plaintiff-Intervenor Plaintiff-Counter Defendant-Appellee*,

Jerome Cook, Basil Cook, Cheryl Rourke, Patricia Phillips, Debra Thomas, Sarah David, Caroline Day,
                *Plaintiffs*,

-1-

– v. –

Town of Bombay, NY, County of Franklin, NY,

*Defendants-Intervenor Defendants-Counter Claimants-Appellants*,

Paul Perryon, Helga Perryon, Eva L. Kleinert, Farmer National Bank, Nationwide Mutual Insurance Company, Marine Midland Properties Corporation, Walsh Realty Corporation, Mario Cuomo, as Governor of the State of New York,

*Defendants-Intervenor Defendants*,

State of New York, Canadian National Railways, Niagara Mohawk Power Corporation, Town of Massena, NY, Village of Massena, NY, Fort Covington, New York, Town and Village, County of St. Lawrence, NY,

*Defendants-Intervenor Defendants-Counter- Claimants*,

Power Authority of the State of New York,

*Defendant-Consolidated-Defendant-Counter-Claimant*,

Key Bank of North New York, N.A.,

*Defendant-Consolidated Defendant-Intervenor Defendant*,

William J. Brockway, Loretta Brockway, James Chapman, Mary Chapman, Robert Chapman, Burton Chapman, Paul Compeau, Catherine Compeau, Real C. Coupal, Thelma B. Coupal, Harry Grow, Laurent Hebert, Vincent Jerry, Daniel Jerry, Ernest L. Jock, Carrie Jock, Alpha Latray, Duane Stewart, Kay Stewart, Thomas Torrey, Eloise Torrey,

*Consolidated Defendants-Intervenor Defendants*.

_____

| | |
|---|---|
| FOR APPELLANTS: | ANGELA C. WINFIELD (Jon P. Devendorf *on the brief*), Hiscock & Barclay, LLP, Syracuse, New York. |
| FOR APPELLEES: | Alexandra C. Page, Indian Law Resource Center, Washington D.C., Curtis Berkey, Alexander, Berkey, Williams & Weathers LLP, Berkeley, California, *for* People of the Longhouse at Akwesane, |
| | Harry R. Sachse, Sonosky, Chambers, Sachse, Endreson & Perry, LLP, Washington D.C., *for* Canadian St. Regis Band of Mohawk Indians, |
| | Marsha K. Schmidt, Hobbs, Straus Dean & Walker, LLP, Washington D.C., *for* St. Regis Mohawk Tribe, |

Ignacia S. Moreno, Assistant Attorney General, Michael T. Gray, Environment & Natural Resources Division, U.S. Dep't of Justice, Washington D.C., *for* United States of America.

_____

Appeal from the United States District Court for the Northern District of New York (McCurn, *J*.). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the appeal is **DISMISSED** for want of appellate jurisdiction.

The Town of Bombay, New York, and the County of Franklin, New York (together, the "Moving Defendants") appeal from the July 12, 2010, denial of their motion for reconsideration of the May 13, 2010, order denying the Moving Defendants' request for an order to show cause and a temporary restraining order ("TRO"), and from the May 13, 2010, order itself. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only as necessary to explain our decision.

Jurisdiction in this case is disputed. The Moving Defendants premise our jurisdiction on 28 U.S.C. § 1292(a)(1), which provides for immediate review of interlocutory orders "refusing . . . injunctions." The Moving Defendants, however, did not move for an injunction; they sought a TRO and moved for an order to show cause why further relief (*i.e.*, an injunction) should not be granted.

"The denial of a TRO is 'ordinarily not appealable.'" *First Eagle SoGen Funds v. Bank for Int'l Settlements*, 252 F.3d 604, 607 (2d Cir. 2001) (quoting *Office of Pers. Mgmt. v. Am. Fed. of Gov't Emps., AFL-CIO*, 473 U.S. 1301, 1303-04 (1985)); *see also Romer v. Green Point Sav. Bank*, 27 F.3d 12, 15 (2d Cir. 1994). "A narrow exception has been established where the district court's order effectively disposes of the litigation and 'might have a serious, perhaps irreparable, consequence, [that] . . . can be effectually challenged only by immediate appeal[.]'"

-3-

*First Eagle*, 252 F.3d at 607 (quoting *Carson v. Am. Brands*, Inc., 450 U.S. 79, 84 (1981)) (alterations in the original).

The Moving Defendants cannot bring themselves within this narrow exception, as the district court's order in no way, shape, or form disposed of the underlying litigation. The underlying litigation involves a land claim to a 12,000-acre parcel of land asserted by certain Tribal Groups that claim aboriginal title. Around February 2009, a non-party Native American tribe began occupying a 230-acre parcel of land located within the 12,000-acre parcel subject to this litigation. The Tribal Groups and the non-party tribe are neither affiliated with each other nor acting in concert. The Moving Defendants moved for an order to show cause why the non-party tribe should not be enjoined, under the All Writs Act, 28 U.S.C. § 1651(a), from occupying the land, and requested a TRO effecting that relief "until final determination of Defendants' application for an injunction." Subsequently, the owner of the 230-acre parcel sought and received in state court a Warrant of Eviction of the non-party tribe, which to date has not been enforced. The Moving Defendants' motion was referred to a magistrate judge (Lowe, *M.J.*) who recommended the district court deny the motion because the intrusion was *de minimis* and because the court retained the ability to grant the relief requested at a later point in time. The court also noted that there existed alternative, state law remedies, *e.g.*, the Warrant of Eviction, the existence of which generally precludes use of the All Writs Act to effectuate the same relief. *Clinton v. Goldsmith*, 526 U.S. 529, 537-38 (1999). After reviewing the magistrate judge's Report and Recommendation, the district court accepted it and denied the motion for a TRO and order to show cause. The Moving Parties filed a motion for reconsideration based on newly discovered evidence, which the district court also denied.

Contrary to the Moving Defendants' assertion, the district court's order does not dispose of the litigation by "effectively award[ing] the property to the [non-party]." In fact, the district court contemplated granting the Moving Defendants their requested relief at some point in the future, and the litigation continues in the district court. Moreover, we fail to see the "serious, perhaps irreparable, consequence," *Carson*, 450 U.S. at 84, of the district court's denial when this appeal was once in default based on the Moving Defendants' failure to file its forms C and D . No. 5] and the appeal was withdrawn for nearly one year before being reinstated. We therefore dismiss the appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk