FILED
United States Court of Appeals
Tenth Circuit

August 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BORDER AREA MENTAL HEALTH
SERVICES, INC.; COUNSELING
ASSOCIATES, INC.; FAMILIES AND
YOUTH, INC.; SOUTHERN NEW
MEXICO HUMAN DEVELOPMENT,
INC.; SOUTHWEST COUNSELING
CENTER, INC.; COUNSELING
CENTER, INC.; VALENCIA
COUNSELING SERVICES, INC.;
PREBYSTERIAN MEDICAL
SERVICES, INC.; HOGARES, INC.,

      Plaintiffs-Appellants,

v.

SIDONIE SQUIER, Secretary, Human
Services Department of the State of
New Mexico,

      Defendant-Appellee.

No. 13-2136
(D.C. No. 2:13-CV-00613-MCA-WPL)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **GORSUCH** and **HOLMES**, Circuit Judges.

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Plaintiffs, behavioral health services providers, seek to appeal the district court's denial of their motion for a temporary restraining order (TRO) and have requested an injunction pending the resolution their appeal. Because we lack jurisdiction, we dismiss the appeal and deny the motion for an injunction.

The denial of a TRO is "ordinarily not appealable." *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1304 (1985) (Burger, C.J., sitting as Circuit Justice for the District of Columbia Circuit). There are, however, two exceptions to this general jurisdictional prohibition: when the order is appealable as a final order under 28 U.S.C. § 1291, and when the order has the practical effect of denying a preliminary injunction. *See Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984). The first exception is not implicated in this case—the district court's denial of the TRO is not a final appealable order under § 1291. That leaves us to determine whether the order may be appealed because it is "a *de facto* denial of a preliminary injunction." *Office of Pers. Mgmt.*, 473 U.S. at 1305. To come within this exception, in addition to having the "practical effect of denying an injunction," the consequences of the order "must [be] "irreparable" and the "the order must be one that can be effectively challenged only by immediate appeal." *United States v. Colorado*, 937 F.2d 505, 507 (10th Cir. 1991).

We have thoroughly reviewed the parties' filings and pertinent law and conclude that this court has no jurisdiction to review the denial of the TRO in this

case.  The order does not have the "practical effect" of the denial of a preliminary injunction, the consequences of the denial are not irreparable, and immediate review is not the only effective means of challenging the order.  We therefore dismiss the appeal and deny as moot the motion for injunction pending appeal.

Entered for the Court
Per Curiam
