FILED
United States Court of Appeals
Tenth Circuit

January 31, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

SAMUEL K. GILES,

    Plaintiff - Appellant,

v.

ALTO PARTNERS, LLLP,

    Defendant - Appellee.

No. 18-1148
(D.C. No. 1:18-CV-00467-RBJ)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Samuel K. Giles lives in a subsidized housing complex that is owned by Alto

Partners, LLLP (Alto) and operated by Adams County Housing Authority (ACHA).

After ACHA notified tenants of plans to redevelop the property in the future, Giles

applied for a newer unit on the same campus. His application was denied based on

his failure to meet the low-income qualifications. But Giles, who is African

American, takes issue with the calculation method used to support the denial and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

insists he was the victim of racial discrimination—even though the family who is now renting the unit he requested is also African American.

Giles seeks declaratory and injunctive relief in his complaint. He also filed a motion for a temporary restraining order (TRO) and a preliminary injunction, asking the district court to stop the lease or sale of his desired unit to anyone else pending the resolution of this action. The district court held a hearing and denied his motion, concluding that race played no part in the denial of his application and eliciting a promise from Alto that Giles can reapply when another unit becomes available (assuming he qualifies). Giles now appeals from the ruling on the preliminary injunction.[1] Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

## I.    BACKGROUND

Giles has lived at the Terrace Gardens Apartments (a low-income housing community) in Westminster, Colorado for approximately seven years. In October 2017, ACHA notified all Terrace Gardens tenants that the property will be redeveloped at some point in the future, likely displacing tenants. In anticipation of that event, Giles sought to move into a new, upgraded apartment in nearby Alto Apartments (another low-income housing community owned by Alto and operated by ACHA) when his lease at Terrace

---

[1] Giles does not appeal the ruling on the TRO. Indeed, the district court's denial of a TRO is ordinarily not appealable. *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Emps., AFL-CIO*, 473 U.S. 1301, 1303-04 (1985); *see also Caddo Nation of Okla. v. Wichita & Affiliated Tribes*, 877 F.3d 1171, 1173 n.1 (10th Cir. 2017) ("It is well established that absent extraordinary circumstances a litigant may not appeal a district court's denial of a temporary restraining order.").

Gardens ended in February 2018. He specifically requested Unit 215. Months later, his application was denied.

A tenant who wants to transfer to a new community must reapply and requalify for that community. To ensure the tenant can afford the apartment, the tenant's gross monthly income must equal 2.5 times the monthly rent; alternatively, the tenant must have a certain verifiable savings or checking account balance. At the same time, the housing is earmarked for low-income tenants so the tenant's income cannot exceed a designated threshold. Giles is self-employed. Alto represents that it denied his application for Alto Apartments because it could not verify he met the minimum-income threshold; it attributes his inability to qualify to discrepancies in his documentation and his refusal to provide a 2017 profit-and-loss statement. But Giles accuses Alto of strategically delaying the processing of his application, deliberately misapplying guidelines, and botching the calculations. He contends Alto's explanation is a pretext for racial discrimination.

Giles continues to live in his Terrace Gardens apartment. Alto has leased Unit 215 to an African American mother and child.

On February 26, 2018, Giles filed a pro se complaint seeking declaratory and injunctive relief. He asserted a claim under Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or FHA), as well as state-law contract claims and a claim asserting unfair housing practices in violation of Colo. Rev. Stat. § 24-34-502. He filed a contemporaneous motion for an ex parte TRO and a preliminary injunction, which was denied forthwith without prejudice for failure to show that (1) "lease or sale of his

3

[desired] unit is imminent" and (2) "a hearing should occur before the defendant is notified." R., Vol. I at 122.

Shortly thereafter, on March 12, Giles amended his complaint as a matter of right, expanding his FHA claims. He also renewed his motion for a TRO and a preliminary injunction, asking the district court to enjoin Alto "from leasing the housing unit to any person other than [Giles] until the merits of the complaint are resolved and . . . from deferring any IRS low-income housing compliance requirements"[2] until after the court resolves the merits of the amended complaint. R., Vol. I at 186. The district court held a hearing on March 15, at which it denied the renewed motion for a TRO and a preliminary injunction. Although it did not issue a written order, the district court explained the basis for its decision.[3]

First, the court concluded that Giles is not presently at risk of being displaced from his current residence at Terrace Gardens because any redevelopment will not occur for another five to eight years. *See* R., Vol. II at 9 ("There's no emergency. You can stay in your existing unit, the gentleman just told you, for five to eight years. What kind of

---

[2] Alto Apartments is regulated under § 42 of the Internal Revenue Code, which lays out the ground rules for tax credits for low-income housing. *See* 26 U.S.C. § 42.

[3] Giles contends the ruling does not satisfy Federal Rule of Civil Procedure 52 because it does not provide sufficient detail as to "*why* the district court ruled as it did" or "cover all of the material issues raised." Aplt. Opening Br. at 22-23. We disagree. Rule 52 "is designed to provide the appellate court with a clear understanding of the basis of the trial court's decision and to aid the trial court in considering and adjudicating the facts." *Colo. Flying Acad., Inc., v. United States*, 724 F.2d 871, 877 (10th Cir. 1984). We have such a clear understanding, as outlined below. Moreover, findings need not be in specific form and need not be detailed. *See id.* at 878.

emergency is that?"); *id.* at 23 ("[T]here's just nothing for me to enjoin, because the whole theory of your case is you're about to be displaced, and you're not."). Giles conceded this point. *See id.* at 10 ("THE COURT: There's no risk of displacement. [Alto's representative] said on the open record in court that you're not going to be displaced for at least five years, maybe not. Eight years. You're not going to be displaced. Five to eight years from now, who knows where you're going to want to live. MR. GILES: That's correct.").

Second, to the extent the purported emergency stemmed from Giles' fear that Alto would lease Unit 215 to someone else, the court explained that Giles has no right to get into a specific apartment—a point Giles also conceded. *See id.* at 10-11 ("THE COURT: But you have no right to get into the new unit, right? MR. GILES: Well, there's no right for entrance into the new unit, but I do have a right to go through the housing transaction absent discriminatory animus.").

Third, the court found no evidence of discrimination based on race. *See id.* at 19-20 ("They haven't discriminated against you. The contrary is true. They like you."); *id.* at 21 ("[I]f I had any sense at all that there was discrimination here, I'd be all over it, because I can't stand discrimination of any kind. . . . But I don't see any indication of that. And when I ask you what's your evidence, you say I've read things about how people discriminate."); *id.* at 32 ("I'm not persuaded. You're playing the race card when you've got no evidence to prove it. . . . They're not discriminating against you based on your race. They don't care about your race. They like you. They want you as a tenant."). In rejecting Giles' discrimination theory, the judge noted that Giles has been a

tenant with Alto for years and cited Alto's explanation that he was unable to rent Unit 215 because he failed to meet the higher income-qualification standard for the new unit. The court also elicited a promise from Alto that it would rent to Giles when a unit opens in the new complex, provided he qualifies financially.

Finally, the court rejected Giles' pretext argument, which was based on Alto's purported deviations from its normal calculation methods. It referenced testimony that Giles had not met the standard applicable when an applicant has his own business (as set forth in the Colorado Housing and Finance Authority's manual) and had not provided relevant financial documents. *See id.* at 32 ("[Y]ou haven't met the standard on the cash side per what the manual requires them to follow. You haven't met the standard on the gross income side because you haven't given them the information that shows that you've got two and a half times gross income. All you have to do is show that, prove that, and you qualify.").

Giles filed this timely appeal. He also moved for an injunction pending appeal in both the district court and this court—both times unsuccessfully.

## II.     ANALYSIS

"We review a district court's denial of a preliminary injunction for an abuse of discretion." *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065 (10th Cir. 2001). An abuse of discretion occurs "only when the trial court bases its decision on

6

an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Id.* (internal quotation marks omitted).

To obtain a preliminary injunction, a movant must establish "(1) that [he] has a substantial likelihood of prevailing on the merits; (2) that [he] will suffer irreparable injury if the injunction is denied; (3) that the threatened injury to the movant outweighs the injury that the opposing party will suffer under the injunction; and (4) that the injunction would not be adverse to the public interest." *Id.* at 1065-66. "A preliminary injunction is an extraordinary remedy that is granted only when the movant's right to relief is clear and unequivocal." *McDonnell v. City & Cty. of Denver*, 878 F.3d 1247, 1257 (10th Cir. 2018) (internal quotation marks omitted).

As delineated above, the district court focused on the first two factors. We discern no abuse of discretion in its findings that (1) Giles will not be able to prevail on the merits of a racial discrimination claim because there is no evidence the denial was racially motivated, and (2) Giles will not suffer irreparable harm absent an injunction because he can stay in his current apartment and has no right to Unit 215 anyway. The district court conducted a fair and thorough hearing, and we agree with its reasoning and conclusions.

With respect to the merits of his discrimination-based claims, Giles proffers only conclusory statements about racial bias. Lacking affirmative evidence of discrimination, he advances a pretext theory—i.e., that the falsity of Alto's explanation for the denial of his application is affirmative evidence of guilt. He faults the district court for not delving into the intricacies of the income-qualification

7

equation and figures, but we agree with the approach taken at the hearing. Even if Alto did miscalculate Giles' eligibility for the apartment in question or present inconsistent reasons for the denial of his application, the connection to his race is wholly lacking.[4] As the district court keenly explained during the hearing, mathematical errors alone do not support the claims asserted in this case:

> MR. GILES:      . . . [I]f they would have followed the proper authorities and the guidelines of how to determine gross income, net income, and also verification, the application should have been approved in 2017.
>
> THE COURT:   Maybe. That's a different lawsuit than the one you filed. The one you filed claims that they did this because of your race.
>
> MR. GILES:      That's correct.

R., Vol. II at 19. Furthermore, Giles' pretext argument is unsupported by the facts in evidence. According to testimony at the hearing, approximately twenty percent of the residents in this housing community are African American, as are the mother and child now occupying Unit 215. Giles peppers his briefs with allegations of racial bias and even segregation, but the constituency of the other tenants undercuts his accusations. Besides, Giles had been a tenant at Terrace Gardens for years without

---

[4] For the same reason, we need not reach Giles' merit-based appellate arguments that (1) he has standing as a third-party beneficiary to sue to enforce the Land Use Restriction Agreement (LURA) between Alto and the Colorado Housing and Finance Authority; (2) there is strong evidence that Alto has violated multiple sections of the FHA; and (3) Alto retaliated against him after he sent an e-mail threatening to report its discriminatory behavior. Those arguments are all predicated on unsupported allegations of discriminatory housing practices.

incident, and Alto affirmatively stated in court that it will accept Giles' application when a unit opens, provided he qualifies.

With respect to irreparable harm, Giles conceded during the hearing that he has no right to Unit 215. He now disregards that concession—and the fact that Unit 215 is occupied—by arguing he "faces a substantial threat of irreparable harm because the desired real property will be lost to an innocent third party" who "cannot later be ousted" in his favor. Aplt. Opening Br. at 43. He tries to bolster this argument by referencing an entirely speculative event: the conversion of the rental unit into a homeownership unit, which "may" occur after an initial 15-year period. *Id.* at 44. Here, too, we agree with the district court. Giles has not established a right to Unit 215, and his reference to events that may occur years down the road (if at all) is not enough to show irreparable harm.[5]

### III. CONCLUSION

Finding no abuse of discretion, we affirm the district court's denial of the motion for a preliminary injunction. Giles has not demonstrated a "clear and unequivocal" right to relief, as required. *See McDonnell*, 878 F.3d at 1257 (internal quotation marks omitted).

We deny Alto's ex parte motion to file its supplemental corporate disclosure statement under seal as moot. The statement within Appellee's Brief satisfies Federal Rule of Appellate Procedure 26.1. The court directed Alto to supplement its

---

[5] Because Giles has not established the first two factors to obtain a preliminary injunction, we do not analyze the remaining ones.

9

corporate disclosure statement to comply with 10th Circuit Rule 26.1, but upon further review it is clear that rule does not apply. Giles asserts federal-question jurisdiction, not diversity jurisdiction. 10th Circuit Rule 26.1 requires additional information only "[w]here the asserted basis for federal jurisdiction is 28 U.S.C. § 1332." Alto's ex parte motion and its attachment shall remain sealed.

Entered for the Court


Gregory A. Phillips
Circuit Judge