**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6105

CHARLIE L. HARDIN,

Plaintiff - Appellant,

v.

D. EVERETT, Superintendent; CAPTAIN TURLEY; CORRECTIONAL OFFICER MULLEN; SERGEANT PIERCE; MS. JORDAN; CAPTAIN SLEDGE; UNIT MANAGER OVERTON; CASE MANAGER BAZZLE; BRANDESHAWN HARRIS; LIEUTENANT SCOTT; LIEUTENANT WICHARD; LIEUTENANT HILL; CAPTAIN DELAND; SERGEANT BARFIELD; CASE MANAGER MOORE; JAMES PIERCE,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:22-ct-03255-BO-RJ)

Submitted:  March 21, 2023                      Decided:  March 24, 2023

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Charlie L. Hardin, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charlie L. Hardin has noted an appeal from the district court's order reviewing his 42 U.S.C. § 1983 civil rights action under 28 U.S.C. § 1915, allowing his claims under the First and Eighth Amendments against ten Defendants to proceed, dismissing his remaining claims and the remaining Defendants, denying his motion to appoint counsel, and denying his motion for injunctive relief.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). The order Hardin seeks to appeal is neither a final order nor an appealable interlocutory or collateral order.[*] Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] An order denying a preliminary injunction is an immediately appealable interlocutory order. 28 U.S.C. § 1292(a)(1). However, we lack jurisdiction to review the denial of a temporary restraining order. *Off. of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-05 (1985); *Drudge v. McKernon*, 482 F.2d 1375, 1376 (4th Cir. 1973) (per curiam). Because a "court may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and Hardin did not provide notice of his motion to Defendants, we construe the motion to be requesting a temporary restraining order.