**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6987**

JOSEPH ALLEN BRATCHER,

            Plaintiff - Appellant,

      v.

HAROLD CLARKE,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:17-cv-00474-AJT-MSN)

Submitted: January 16, 2018              Decided: February 12, 2018

Before TRAXLER, DUNCAN, and THACKER, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

Joseph Allen Bratcher, Appellant Pro Se. Mary Grace Miller, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Bratcher, a Virginia inmate, appeals the district court's three orders denying his motions for a preliminary injunction and denying reconsideration. We dismiss Bratcher's appeal of the orders filed June 6 ("the June 6 order") and June 30 ("the June 30 order"), vacate the order filed August 9 ("the August 9 order"), and remand for further proceedings.

Before addressing the merits of Bratcher's appeal, we first must be assured that we have jurisdiction. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). An order denying a preliminary injunction is an immediately appealable interlocutory order. 28 U.S.C. § 1292(a)(1) (2012). However, we lack jurisdiction to review the denial of a temporary restraining order. *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-05 (1985); *Drudge v. McKernon*, 482 F.2d 1375, 1376 (4th Cir. 1973) (per curiam). Bratcher's first motion requested, in the alternative, a temporary restraining order or a preliminary injunction. Because a "court may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and Bratcher did not provide any notice of the motion to Clarke, we construe Bratcher's first motion to be requesting only a temporary restraining order. Accordingly, we dismiss Bratcher's appeal of the June 6 order.

We further lack jurisdiction to review the June 30 order, which denied Bratcher's motion for reconsideration of the June 6 order.[1] Rule 4 of the Federal Rules of Appellate Procedure governs the time period during which a notice of appeal is to be filed. In civil cases in which the United States or its agency or officer is not a party, parties are accorded 30 days after the entry of the district court's order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009).

Here, Bratcher submitted his motion for reconsideration and the notice of appeal on the same day. "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).[2]

---

[1] Although the district court construed Batcher's motion for reconsideration under Fed. R. Civ. P. 59 and 60, Rules 59 and 60 only apply to motions seeking reconsideration of final orders. *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). Although immediately appealable, 28 U.S.C. § 1292(a)(1) (2012), an order denying a motion for a preliminary injunction is not a final order. Thus, the district court should have construed Batcher's motion for reconsideration as a motion under Fed. R. Civ. P. 54(b) or as a freestanding motion for injunctive relief. *See Fayetteville Inv'rs*, 936 F.2d at 1470, 1472.

[2] Although this rule was amended on December 1, 2017, we quote the language in effect when Bratcher filed his notice of appeal.

However, Rule 4(a)(4)(A) contains no provision for a motion made under Fed. R. Civ. P. 54(b). Thus, Rule 4(a)(4)(B)(i) did not suspend operation of Bratcher's notice of appeal. Because Bratcher did not file a separate notice of appeal from the June 30 order, and because the appeal of the June 6 order does not encompass the June 30 order, we dismiss his appeal as it relates to this order.

Finally, although Bratcher did not file a notice of appeal designating the August 9 order, Bratcher's informal brief claims that the district court erred in denying his renewed motion for a preliminary injunction and this court received the informal brief within the 30-day appeal period following entry of the August 9 order. Generally, an appellant must "designate the judgment, order, or part thereof being appealed" in the notice of appeal. Fed. R. App. P. 3(c)(1)(B). Although Rule 3 is jurisdictional in nature, "we construe the rule liberally and take a functional approach to compliance, asking whether the putative appellant has manifested the intent to appeal a specific judgment or order and whether the affected party had notice and an opportunity fully to brief the issue." *Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014). An appellant who fails to designate a specific order in his notice of appeal may manifest an intent to appeal the order by addressing the order in his informal brief. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992). Bratcher filed a certificate of service stating that he served a copy of his informal brief on Clarke. Thus, we conclude that Clarke is not prejudiced by Bratcher's failure to file a separate notice of appeal. Accordingly, we have jurisdiction to review the district court's August 9 order.

Turning to the merits of this appeal, we review the denial of a preliminary injunction for an abuse of discretion. *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287,

4

290 (4th Cir. 2011). Factual findings underlying the district court's denial of a preliminary injunction are reviewed for clear error, while the district court's legal conclusions are reviewed de novo. *Id.* "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). If the district "court applied a correct preliminary injunction standard, made no clearly erroneous findings of material fact, and demonstrated a firm grasp of the legal principles pertinent to the underlying dispute," no abuse of discretion occurred. *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 192 (4th Cir. 2013) (en banc).

We conclude that the district court abused its discretion in denying Bratcher's renewed motion for a preliminary injunction. Rule 52(a)(2), Fed. R. Civ. P., requires that the district court make particularized findings of fact and conclusions of law supporting its decision to grant or deny a preliminary injunction; such findings are necessary in order for an appellate court to conduct meaningful appellate review. *See H & R Block Tax Servs. LLC v. Acevedo-Lopez*, 742 F.3d 1074, 1078 (8th Cir. 2014); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 423 (4th Cir. 1999). The district court's August 9 order cited the factual allegations in Bratcher's complaint but only stated that Bratcher failed to make a satisfactory showing on any of the *Winter* factors. While the district court's June 6 order contained findings and conclusions, the district court primarily relied on the fact that Bratcher had not alleged that any of his incoming mail had been destroyed in denying the motion. However, in his renewed motion for a preliminary injunction,

Bratcher stated that several pieces of his mail had been destroyed, a fact not contemplated in the court's June 6 order. Thus, we cannot rely on the district court's June 6 order in reviewing the August 9 order. Moreover, Bratcher's motion was not premature under Fed. R. Civ. P. 65(a)(1) because he served Clarke's counsel with a copy of his motion. Accordingly, in the absence of specific factual findings and conclusions of law in the August 9 order, we are constrained to conclude that the district court abused its discretion in denying Bratcher's renewed motion.

Accordingly, we dismiss Bratcher's appeal of the June 6 and June 30 orders, vacate the August 9 order, and remand for further proceedings. We deny Bratcher's motion for an injunction pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*VACATED IN PART,*
*AND REMANDED*