**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7169**

DOUGLAS A. HOGLAN,

Plaintiff - Appellant,

v.

A. DAVID ROBINSON, Chief of Corrections Operations for VDOC; K. CROWDER-AUSTIN, Regional Ombudsman; MARCUS ELAM, Regional Administrator; ADINA L. POGUE, Western Region Operations Manager at VDOC; MELISSA WELCH, Operations Support Manager for VDOC; JAMES BRUCE, Manager of the VDOC Policy and Initiatives Unit; W. HUDSON, Postal Assistant, Green Rock Correctional Center; H. SIMS, Postal Assistant, Green Rock Correctional Center; CHARLES CRUMPLER, Operations Manager, Green Rock Correctional Center; K. WILSON, Investigator, Green Rock Correctional Center; BERNARD W. BOOKER, Former Warden, Green Rock Correctional Center; MELVIN DAVIS, Current Warden, Green Rock Correctional Center,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (7:16-cv-00595-JLK-RSB)

Submitted: February 28, 2018                    Decided: March 9, 2018

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Douglas A. Hoglan, Appellant Pro Se. Mary Grace Miller, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas A. Hoglan, a Virginia inmate, appeals the district court's order denying his motion for a preliminary injunction to stop the enforcement of certain provisions governing incoming prisoner mail. We vacate the district court's order and remand for further proceedings.

We review the denial of a preliminary injunction for an abuse of discretion. *Di Biase v. SPX Corp.*, 872 F.3d 224, 229 (4th Cir. 2017). Factual findings underlying the district court's denial of a preliminary injunction are reviewed for clear error, while the district court's legal conclusions are reviewed de novo. *Id.* "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). If "[t]he [district] court applied a correct preliminary injunction standard, made no clearly erroneous findings of material fact, and demonstrated a firm grasp of the legal principles pertinent to the underlying dispute," then no abuse of discretion occurred. *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 192 (4th Cir. 2013) (en banc).

Rule 52(a)(2) of the Federal Rules of Civil Procedure requires that the district court make particularized findings of fact and conclusions of law supporting its decision to grant or deny a preliminary injunction; such findings are necessary in order for an appellate court to conduct meaningful appellate review. *See H & R Block Tax Servs. LLC*

3

*v. Acevedo-Lopez,* 742 F.3d 1074, 1078 (8th Cir. 2014); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 423 (4th Cir. 1999).

Here, while the district court's order recognized the *Winter* factors, the sole factual finding made by the district court was that Hoglan acknowledges he may receive unlimited numbers of photos in the mail, though not in the quantity per envelope he prefers. This finding alone is insufficient to support the district court's conclusion that Hoglan failed to satisfy any of the *Winter* elements, particularly because it did not address Hoglan's argument that he is irreparably harmed to the extent the challenged provisions create financial and procedural deterrents that have the combined effect of denying access to materials protected by the First Amendment. Furthermore, while the district court correctly noted that 18 U.S.C. § 2257 (2012) has been found constitutional, Hoglan's complaint made clear that he does not challenge the constitutionality of § 2257 but that he challenges the institutional requirement that images with sexually explicit content contain a § 2257 compliance statement. Finally, while the district court recognized the deference owed to correctional officials regarding the appropriateness of rationing limited resources and controlling contraband, it did not address Hoglan's assertion that the provisions at issue are tied to no legitimate penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989); *see also Whitley v. Albers*, 475 U.S. 312, 322 (1986) (noting that such deference "does not insulate from review actions taken in bad faith and for no legitimate purpose"), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010).

4

In the absence of specific factual findings and conclusions of law in the district court's order, we are constrained to conclude that the district court abused its discretion in denying Hoglan's motion. Accordingly, we vacate the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*