**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1037**

LUIS (JANER) RULLAN,

          Plaintiff - Appellant,

    v.

JILL K. GODEN; FREDERICK I. GREENBERG; YOUTH WORLD INTERNATIONAL COMPANY, LTD; YOUTH WORLD, LTD,

          Defendants - Appellees,

    and

CACAPON RIVER CAMPS, INC.; CACAPON CAMPS, INC; FREDERICK I. GREENBERG REVOCABLE TRUST; ALEX REECE; JOHN DOE; ERIC S. GODEN,

          Defendants,

GEORGE WILLIAM LIEBMANN,

          Trustee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:17-cv-03741-CCB)

Submitted: September 30, 2019          Decided: October 11, 2019

Before RICHARDSON and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

_____

Peter C. Choharis, Christine Mundia, CHOHARIS LAW GROUP, PLLC, Washington, D.C., for Appellant. Bart C. Colombo, Round Hill, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis (Janer) Rullan appeals the district court's order denying his motion for a preliminary injunction to prohibit the Defendants from opening new bank accounts, creating new entities or merging, restructuring or reorganizing their companies, or transferring or dissipating assets outside of the ordinary course of business without prior approval from the district court. Rullan asserts that, in denying his motion, the district court failed to make particularized findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a)(2). We agree and therefore vacate the district court's order and remand for further proceedings.

This court reviews the denial of a preliminary injunction for an abuse of discretion. *Di Biase v. SPX Corp.*, 872 F.3d 224, 229 (4th Cir. 2017). We review for clear error the district court's factual findings underlying the denial of a preliminary injunction and the district court's legal conclusions are reviewed de novo. *Id.* "A plaintiff seeking a preliminary injunction must demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The district court must make particularized findings of fact and conclusions of law to support its decision to grant or deny a preliminary injunction. Fed. R. Civ. P. 52(a). Such findings are necessary for an appellate court to conduct meaningful appellate review. *See H & R Block Tax Servs. LLC v. Acevedo-Lopez*, 742 F.3d 1074, 1078 (8th Cir. 2014); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 423 (4th Cir. 1999).

Here, the district court found that Rullan failed to make a sufficient showing of his likelihood of success on the merits of his conspiracy and fraud claims. However, Rullan sought a preliminary injunction to preserve assets with respect to his fraudulent transfer, shareholder oppression, and breach of fiduciary duty claims. Additionally, the district court did not state any findings to support this conclusion. The court also did not assess on the record whether Rullan would suffer irreparable harm in the absence of the injunction or the hardship to which the Defendants would be subjected by the injunction. While the court found that "a significant number of the defendants' assets [were] already under the supervision of the bankruptcy court," not all of the Defendants had filed a petition in bankruptcy. And, Rullan's motion for a preliminary injunction alleged that several assets were not disclosed on bankruptcy schedules and he sought to prevent the Defendants from diverting assets to other entities.

We conclude that the district court's ruling on the preliminary injunction motion did not provide the specific findings required by Fed. R. Civ. P. 52(a). In the absence of such specific findings of fact and conclusions of law, we are constrained to conclude that the district court abused its discretion in denying Rullan's motion. *See Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 192 (4th Cir. 2013) (en banc) (If "[t]he [district] court applied a correct preliminary injunction standard, made no clearly erroneous findings of material fact, and demonstrated a firm grasp of the legal principles pertinent to the underlying dispute," then no abuse of discretion occurred.).

4

Accordingly, we vacate the district court's order and remand for further proceedings.[*] Although Rullan requests that on remand we direct that the case be assigned to a different district court judge, we conclude that this is not warranted. *See United States v. Guglielmi*, 929 F.2d 1001, 1007 (4th Cir. 1991) (absent allegations of bias, reassignment to a different district court judge is warranted only in unusual circumstances). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We express no opinion on the merits of Rullan's motion for a preliminary injunction.