**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7211**

JAMES LEE CECIL, JR.,

Plaintiff - Appellant,

v.

DR.  LARGE,

Defendant - Appellee,

and

DR.  KOSCINSKI,

Defendant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:18-cv-00641-EKD-JCH)

Submitted:  April 17, 2020                                      Decided:  April 27, 2020

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

James Lee Cecil, Jr., Appellant Pro Se. Laura May Hooe, MORAN, REEVES & CONN, PC, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Cecil, a Virginia inmate, appeals the district court's order denying his motion for a temporary restraining order ("TRO") and preliminary injunctive relief. We must first be sure that we have jurisdiction to review the district court's order. *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). Because this court lacks jurisdiction to review the denial of a TRO, absent extraordinary circumstances not present here, we dismiss this portion of the appeal. *See Office of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-05 (1985), *Virginia v. Tenneco, Inc.*, 538 F.2d 1026, 1029-30 (4th Cir. 1976). However, an order denying a preliminary injunction is an immediately appealable interlocutory order. 28 U.S.C. § 1292(a)(1) (2012).

This court reviews the denial of a preliminary injunction for abuse of discretion. *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020). In evaluating the district court's decision, "we review factual findings for clear error and assess legal conclusions de novo." *Fusaro v. Cogen*, 930 F.3d 241, 248 (4th Cir. 2019). In order to receive a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Roe*, 947 F.3d at 219. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). If the district "court applied a correct preliminary injunction standard, made no clearly erroneous findings of material fact, and demonstrated a firm grasp of the legal principles pertinent to the underlying dispute," no abuse of discretion

occurred. *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 192 (4th Cir. 2013) (en banc).

We conclude that the district court abused its discretion in failing to make particularized findings of fact supporting its decision. When a district court is "granting or refusing interlocutory injunctions the court shall . . . set forth the findings of fact and conclusions of law which constitute the grounds for its actions." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 423 (4th Cir. 1999) (internal quotation marks omitted); *see* Fed. R. Civ. P. 52(a)(2); *H & R Block Tax Servs. LLC v. Acevedo-Lopez*, 742 F.3d 1074, 1078 (8th Cir. 2014) ("[P]articularized findings and reasons are needed for meaningful appellate review."); *cf. Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 522 (4th Cir. 2003) (concluding that district court's statement in final judgment that it had jurisdiction to consider claim was erroneous in absence of findings required by Rule 52(a)). In Cecil's response to Defendant Crystal Large's first motion for summary judgment, he attached a signed declaration, made under penalty of perjury, which stated that Large is the medical care provider at his new prison. However, the district court failed to discuss the conflicting factual statements between Cecil's declaration and Large's affidavit, in which Large stated she had not treated Cecil since he transferred to another facility within the jail system. Instead, the district court accepted the facts asserted in Large's affidavit without discussion. Such acceptance—devoid of any factual discussion—does not allow for an appellate court to conduct meaningful appellate review.

Accordingly, we dismiss Cecil's appeal of the denial of a TRO, vacate the order as it relates to the denial of a preliminary injunction, and remand for further proceedings. We

3

deny Cecil's motion for a default judgment and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, VACATED IN PART,*
*AND REMANDED*