**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1205**

---

C. HOLMES, M.D. a/k/a C. Holmes, a/k/a Cynthia Holmes, a/k/a Cynthia Collie Holmes,

Plaintiff - Appellant,

v.

ANNE MILGRAM, Administrator of DEA,

Defendant - Appellee.

---

**No. 23-1591**

---

C. HOLMES, M.D. a/k/a C Holmes, a/k/a Cynthia Holmes, a/k/a Cynthia Collie Holmes,

Plaintiff - Appellant,

v.

ANNE MILGRAM, Administrator of DEA,

Defendant - Appellee.

---

**No. 23-1749**

---

C. HOLMES, a/k/a C. Holmes, a/k/a Cynthia Holmes, a/k/a Cynthia Collie Holmes, M.D.

Plaintiff - Appellant,

v.

ANNE MILGRAM, Administrator of DEA,

Defendant - Appellee.

---

Appeals from the United States District Court for the District of South Carolina, at Charleston.  Bruce H. Hendricks, District Judge; Molly Hughes Cherry, Magistrate Judge. (2:22-cv-03758-BHH-MHC)

---

Submitted:  October 20, 2023                    Decided:  November 6, 2023

---

Before GREGORY and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Nos. 23-1205 and 23-1749, dismissed; No. 23-1591, dismissed in part and affirmed in part by unpublished per curiam opinion.

---

C. Holmes, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In Appeal No. 23-1205, C. Holmes seeks to appeal the district court's order denying her motion to appeal the magistrate judge's report and recommendation and for a stay pending appeal.  In Appeal No. 23-1591, Holmes seeks to appeal (1) the district court's order adopting the magistrate judge's recommendation and denying her motion for a temporary restraining order and a preliminary injunction, and (2) the magistrate judge's order providing Holmes with the notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).[*]  We dismiss in part and affirm in part.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).  The district court's order denying leave to appeal and denying a stay pending appeal is neither a final order nor an appealable interlocutory or collateral order.  Accordingly, we dismiss Appeal No. 23-1205 for lack of jurisdiction.  The magistrate judge's *Roseboro* notice order is also not a final order or an appealable interlocutory or collateral order.  We therefore dismiss for lack of jurisdiction the portion of Appeal No. 23-1591 that seeks to challenge the *Roseboro* order.

---

[*] Holmes' appeal from this order was inadvertently docketed as a separate appeal, No. 23-1749.  However, our review of the record shows that Holmes intended to amend her notice of appeal filed in No. 23-1591 to include her challenge to the *Roseboro* order. We therefore dismiss Appeal No. 23-1749 and consider Holmes' challenge to the *Roseboro* order as part of Appeal No. 23-1591.  We deny as moot Holmes' motion to consolidate the filing fee for these appeals.

Holmes also contests the district court's order accepting the recommendation of the magistrate judge and denying her motion for a temporary restraining order and a preliminary injunction. Absent exceptional circumstances, the denial of a motion for a temporary restraining order is considered interlocutory and is not appealable. *Office of Personnel Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-04 (1985). Exceptional circumstances exist where the denial effectively decides the merits of the case. *See Virginia v. Tenneco, Inc.*, 538 F.2d 1026, 1029-30 (4th Cir. 1976). Upon review of the record, we conclude that no such exceptional circumstances are present in this case. Therefore, we dismiss for lack of jurisdiction the portion of Appeal No. 23-1591 in which Holmes contests the denial of her motion for a temporary restraining order.

An order denying a preliminary injunction, however, is an immediately appealable interlocutory order. *See* 28 U.S.C. § 1292(a)(1). We have reviewed the record and conclude that the district court did not abuse its discretion by denying Holmes' motion for a preliminary injunction. *See Grimmett v. Freeman*, 59 F.4th 689, 692 (4th Cir. 2023) (providing standard). Accordingly, we affirm the district court's order denying Holmes' motion for a preliminary injunction. *Holmes v. Milgram*, No. 2:22-cv-03758-BHH-MHC (D.S.C. May 22, 2023).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*Nos. 23-1205 & 23-1749, DISMISSED;*
*No. 23-1591, DISMISSED IN PART,*
*AFFIRMED IN PART*

4