**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-7210**

---

THOMAS D. ALEXANDER,

        Plaintiff - Appellant,

     v.

TODD E. ISHEE; TERESA R. O'BRIEN; CHAIRMAN, NC Post-Release and Parole Commission,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:23-ct-03258-BO)

---

Submitted:  April 18, 2024                Decided:  May 14, 2024

---

Before KING and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Thomas D. Alexander, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas D. Alexander, a North Carolina inmate, seeks to appeal the district court's order denying his motion for a preliminary injunction and a temporary restraining order (TRO) and dismissing his equal protection claim.  Before addressing the merits of Alexander's appeal, we first must be assured that we have jurisdiction.  *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015).  We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949).  Final orders are those "that end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Porter*, 803 F.3d at 696 (cleaned up).

An order denying a preliminary injunction is an immediately appealable interlocutory order.  28 U.S.C. § 1292(a)(1).  However, we lack jurisdiction to review the denial of a TRO.  *Off. of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-05 (1985); *Drudge v. McKernon*, 482 F.2d 1375, 1376 (4th Cir. 1973) (per curiam).  Because a "court may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and Alexander did not provide Defendants any notice, we construe Alexander's motion as having requested only a TRO whose denial we lack jurisdiction to review.  And because the equal protection claim was one of two claims Alexander raised in his complaint and this case remains pending in the district court, the dismissal of the equal protection claim was only a partial dismissal of the complaint, which we also lack jurisdiction to review.  *See* Fed. R. Civ. P. 54(b); *Porter*, 803 F.3d at 696 (explaining that

2

"a district court order is not final until it has resolved *all* claims as to all parties" (internal quotation marks omitted)).

Accordingly, we dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*
